GAUDIN, Judge.
On April 7, 1982, an act of sale was passed whereby Elouise N. Robertson sold to Mr. and Mrs. Joseph Buoni a piece of real property identified as lot 20, Section D, Elmwood Subdivision, now known as Northbrook Subdivision.
Alleging a lack of consideration, Ms. Robertson filed suit in the 24th Judicial District Court to void the sale. The trial judge dismissed the proceeding, and we affirm.
The merits were heard on March 20,1985 in the district court, Mr. and Mrs. Buoni being absentees and represented by a curator ad hoc. The only witness was Ms. Robertson, who testified that she sold the property in question to the Buonis on April 7, 1982. Apparently, from Ms. Robertson’s testimony, she was then paid $8,000.00 with the balance due later. The Buonis signed a promissory note.
There was no mortgage connected with the sale and the public records eventually showed the Buonis to be the owners free and clear of any encumbrance resulting from the subject sale.[1] The trial judge asked Ms. Robertson’s counsel:
“Was there a mortgage in connection with the note?”
The response: “No ...”
*564 Subsequent to the sale, Mr. and Mrs. Buoni did not pay anything further and Ms. Robertson sued.
In his “Reasons for Judgment,” the trial judge found judicial dissolution of the sale inappropriate, quoting at length from Waseco Chemical v. Bayou State Oil, 371 So.2d 305 (La.App. 2nd Cir.1979). Ms. Robertson, in her brief submitted to this Court, does not cite any contrary jurisprudence or, statutes, and we are not aware of any.
Although Ms. Robertson’s pleadings and testimony are devoid of any reference to a sale by the Buonis to a third party, we assume that such a sale took place; otherwise, Ms. Robertson would still be the record owner of the subject property. She would then have filed suit on the unpaid promissory note, perhaps placed notice in the clerk’s office and taken other procedural steps to regain title. Likewise, we assume that the third party purchaser was in good faith and that there was reliance on the public records, which showed no mortgage in favor of Ms. Robertson. To void the Robertson-to-Buonis sale would almost surely have a devastating financial effect on the innocent third party purchaser.
Even if the third party purchaser was in bad faith and in cahoots with the Buonis to defraud Ms. Robertson, this still does not explain the failure of Ms. Robertson to obtain and record a mortgage in her favor which would have acted as notice to third parties. In any event, there is no indication here of either fraud or bad faith.
If there has been no sale by the Buonis to a third party, which is highly improbable, Ms. Robertson can take legal steps against Mr. and Mrs. Buoni heretofore outlined.
We sympathize with Ms. Robertson, as did the trial judge, but we must affirm the district court judgment at appellant’s costs.
AFFIRMED.
BOWES, J., dissenting with written reasons.

. A first mortgage, in favor of Jefferson Savings and Loan Association, was in existence.